**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

FABIOLA MUNOZ,

       Plaintiff,

v.

A1A PRIME PROPERTIES, LLC,

       Defendant.

_____/

## COMPLAINT

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff" or "Ms. Munoz"), sues A1A PRIME PROPERTIES, LLC, (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.      Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, A1A PRIME PROPERTIES, LLC, owned and

operated a commercial property at 1100 North Ocean Drive Hollywood, Florida 33019 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Broward County, Florida.

6.      At all times material, Defendant, A1A PRIME PROPERTIES, LLC, was a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida.

7.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Broward County, Florida, Defendant regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8.      Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

10.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.      Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is

2

limited in her major life activities by such, including but not limited to walking and standing.

12.     Defendant, A1A PRIME PROPERTIES, LLC, owns, operates, and oversees the Commercial Property, and its respective businesses, that are subject to this Action.

13.     The subject Commercial Property is open to the public and is located in Broward County, Florida.

14.     Ms. Munoz is a staunch advocate of the ADA. Since becoming aware of her rights, and their repeated infringement, she has dedicated much of her life to this cause so that she, and others like her, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

15.     She is often frustrated and disheartened by the repetitiveness of the complaints she is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Munoz is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

16.     The individual Plaintiff frequents the Commercial Property, including a visit on or about April 23, 2023, and continues patronage through the filing of this complaint. The Plaintiff has encountered multiple ADA violations that directly affected her ability to use and enjoy the Commercial Property and the business located therein. She often visits the Commercial Property in order to avail herself of the goods and services offered there, and because it is near other businesses that she frequents as a patron. She plans to return to the Commercial Property, and the business located therein, within two (2) months from the filing date of the complaint.

17.     The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property, and

wishes to continue her patronage and use of the commercial premise and business located therein.

18.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and business located within the Commercial Property, have denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

19.     Defendant, A1A PRIME PROPERTIES, LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, A1A PRIME PROPERTIES, LLC, is responsible for complying with the obligations of the ADA. Defendant, A1A PRIME PROPERTIES, LLC, owns and/or operates a business and place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The place of public accommodation that Defendant, A1A PRIME PROPERTIES, LLC, owns and/or operates is located at 1100 North Ocean Drive Hollywood, Florida 33019.

20.     Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff

desires to visit the Commercial Property and business located therein, not only to avail herself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure herself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

21.     Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

### COUNT I - ADA VIOLATIONS AS TO A1A PRIME PROPERTIES, LLC

22.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendant, A1A PRIME PROPERTIES, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.     Parking and Exterior Accessible Route

i.   The Plaintiff had difficulty exiting the vehicle, as accessible spaces lack clear and level aisles. Violation: Accessible spaces have a slope or cross slope > 4% (>2%), violating Section 502 of the ADAAG and ADAS, whose resolution is readily achievable.

B.     Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it had a substantial change in level. Violation: Accessible routes at Le Tub Saloon have changes in level > 3/4", violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel, as it had a substantial change in level. Violation: Accessible routes by the ramp at Le Tub Saloon have changes in level > 1" (>3/4"), violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the available interior ramp as it had an excessive slope, endangering the Plaintiff. Violation: The ramp surface contains an excessive slope > 10% (>8.33%) in violation of ADAAG Section 4.8 and Section 405 of the 2010 ADAS, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using an available exterior ramp as it had an excessive slope, endangering the Plaintiff. Violation: The ramp surface contains an excessive slope/side slope of 9.7% (>8.33%) in violation of ADAAG Section 4.8 and Section 405 of the 2010 ADAS, whose resolution is readily achievable.

v. The Plaintiff had difficulty using an available exterior ramp due to its length and lack of complaint handrails, endangering the Plaintiff. Violation: The ramp is > 6' in length and lacks compliant handrails or extensions, violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS, whose resolution is readily achievable.

vi. The Plaintiff had difficulty traversing the path of travel, as the path is not wide enough. Violation: The path of travel connecting areas of Le Tub Saloon are 26" (< 36" or 32" for < 2') below the required width, violating Section 4.3 of the ADAAG and Section 403 of the 2010 ADAS, whose

resolution is readily achievable.

C.    Le Tub Saloon - Access to Goods and Services

i.   The Plaintiff could not use the table-top and writing surfaces as they were too high. Violation: The table-top and writing surface heights are > 34" AFF (28" minimum / 34" maximum), violating Section 902.3 of the 2010 ADAS and Sections 4.32.4 and 5.2, 5.4 of the ADAAG, whose resolution is readily accessible.

ii.   Plaintiff had difficulties using the tables at Le Tub Saloon due to the lack of required toe space clearance. Violation: Table knee and toe space is > 27" high (27" minimum) and < 17" deep (17" minimum), violating Sections 902.2, 305, and 306 of the 2010 ADAS and Sections 4.32.3 and 5.2, 5.4 of the ADAAG, whose resolution is readily achievable.

D.    Le Tub Saloon - Restrooms

i.   Plaintiff is unable to use the restroom as there is improper hardware preventing the Plaintiff's use of the door. Violation: The restroom door has improper hardware, violating Sections 4.13.9 of the ADAAG, whose resolution is readily achievable.

ii.   Plaintiff is unable to maneuver around the restroom due to the lack of proper maneuvering clearance. Violation: Maneuvering space 10" is inadequate, violating Section 404 of the 2010 ADAS, whose resolution is readily achievable.

iii.   Plaintiff is unable to use the sink as there is no proper sink knee clearance provided. Violation: There is no knee clearance (27" minimum at 8" deep), violating Section 306 of the ADAAG and 2010 ADAS, whose resolution is readily achievable.

iv.   Plaintiff is unable to use the mirror due to its bottom-reflecting surface being at 45" AFF. Violation: The mirror has a bottom reflecting surface 45" AFF (40" AFF max), violating Section 603.3 of the 2010 ADAS and Section 4.19.6 of the ADAAG, whose resolution is readily

achievable.

v.  Plaintiff is unable to safely transfer to the water closet due to its inaccessible design. Violation: There is not adequate clear floor space, violating Section 604 of the 2010 ADAS, whose resolution is readily.

vi.  Plaintiff is unable to safely use the restroom due to inadequate grab bars. Violation: Grab bars extend < 54" from rear walls, violating Sections 604 and 609 of the ADAAG and 2010 ADAS.

vii.  Plaintiff is unable to safely use the restroom due to inadequate grab bars. Violation: Grab bars have an inaccessible design, violating Sections 604 and 609 of the ADAAG and 2010 ADAS.

viii.  Plaintiff is unable to use the restroom as there are no adequate grab bars and no transfer space, endangering Plaintiff. Violation: Grab bars and/or transfer space is not provided in the stall, violating Section 4.17 of the ADAAG, whose resolution is readily achievable.

ix.  Plaintiff is unable to use the restroom without assistance because the toilet has an improper centerline. Violation: The toilet has a centerline 22" from the side wall (16" to 18"), violating Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADAS, whose resolution is readily achievable.

x.  The toilet flush valve is not mounted on the wide side, denying access to Plaintiff. Violation: The flush valve on the toilet is not mounted on the open side, violating Section 604.6 of the 2010 ADAS and Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

xi.  Plaintiff is unable to access the storage areas. Violation: The storage shelf > 54" AFF, violating Section 603.4 of the 2010 ADAS and Sections 4.2.5 and 4.22.7 of the ADAAG, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

24.  The discriminatory violations described in this Complaint are not an exclusive list

of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

25.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's building(s), business and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

26.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility, in violation of 42

U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*. Furthermore, Defendant continues to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a

clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled

to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C.

§ 12205 and 28 CFR 36.505.

28.     Defendants are required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public

accommodation. The Plaintiff and all others similarly situated, will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendant's place of public accommodation in order to determine all of the areas of non-

compliance with the Americans with Disabilities Act.

29.     Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff

or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located at and/or within the commercial property located at 1100 North Ocean Drive Hollywood, Florida 33019, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, The Plaintiff, FABIOLA MUNOZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 8, 2024

Respectfully submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553- 3464
Facsimile: (855) 205-6904
Primary Email: ajperez@lawgmp.com
Secondary Email: bvirues@lawgmp.com
jreyes@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    BEVERLY VIRUES
    Florida Bar No.: 123713